IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GABB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-86-DWD |
| | ) |
| DR. TRAN, | ) |
| JOHN OR JANE DOE, | ) |
| WEXFORD HEALTH SOURCE, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Tyrone Gabb, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center (Centralia). (Doc. 5). Plaintiff claims that the defendants have been deliberately indifferent to his serious medical needs because he has a fractured tooth for which he has not received any treatment since mid-December of 2021. He requests compensatory and punitive damages, as well as injunctive relief. In association with his complaint, Gabb filed a Motion for Preliminary Injunction wherein he requests emergency dental care to address his fractured tooth. (Doc. 1). Gabb supports his complaint and motion with copies of grievances, including an emergency grievance that was partially upheld. (Doc. 5 at 17).

Plaintiff's Complaint (Doc. 5) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on December 12th and 13th of 2021 he sent request slips for dental care because he had a fractured tooth that was causing him severe pain. (Doc. 5 at 7). He alleges that a portion of the tooth had fallen out and the other half was protruding from his gum. On December 16, 2021, he submitted an emergency grievance because the problem had worsened to the extent that he was unable to eat food.

Based on the allegations in the Complaint, the court designates the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Tran;**
>
> **Count 2:** **Eighth Amendment deliberate indifference against John/Jane Doe Dentist; and,**
>
> **Count 3:** **Eighth Amendment unconstitutional policy or practice by Wexford.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without

prejudice as inadequately pled under *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Discussion

All three of Plaintiff's Counts are adequate to survive § 1915A review. Plaintiff also seeks a preliminary injunction. (Doc. 1). A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

Plaintiff alleges that his tooth is partially broken and that he is in such extreme pain he is unable to eat. The Court finds that his request for preliminary injunctive relief warrants prompt consideration. Accordingly, the Court will resolve the request as soon as practicable. By separate order the Court will direct Defendants to respond to the Motion (Doc. 1), and it will set a prompt hearing on the matter.

## Identification of Doe Defendant

The Warden of Centralia, Thomas Austin, will be added to this lawsuit in his official capacity for purposes of responding to discovery aimed at identifying the Doe Defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21. Guidelines for discovery related to the Doe Defendant will be set by

the undersigned judge by separate order after the Warden has entered an appearance. Once the Doe Defendant's identity is discovered, Plaintiff must file a motion to substitute the name of said person for John/Jane Doe placeholder currently on the docket sheet and in the Complaint.

## Disposition

The Complaint (Doc. 5) survives initial screening as described above. Plaintiff's Motion for Service of Process (Doc. 7) will be **GRANTED**. Although Plaintiff had sufficient funds to pay his filing fee in this case, the Court recognizes that his financial status is similar to that of an indigent inmate, and so the Court will provide service of process on his behalf per his request in his Motion for Service. The Clerk of Court is **DIRECTED** to **ADD** Warden Thomas Austin in his official capacity only for purposes of answering discovery directed at identifying Defendant John/Jane Doe.

The Clerk of Court is **DIRECTED** to prepare for Defendants Tran, Wexford Health Sources, and Austin (in official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 5), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant John/Jane Doe until Plaintiff has identified him or her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for this individual as soon as he is able to identify this person.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.** As Warden Austin is in the case solely for discovery purposes, he should enter an appearance, but he does not need to file a formal answer.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

Dated: February 7, 2022

_____
DAVID W. DUGAN
United States District Judge

<u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.