IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE GABB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-86-DWD |
| ) | |
| **DR. TRAN,** ) | |
| **JOHN OR JANE DOE,** ) | |
| **WEXFORD HEALTH SOURCE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

This matter is before the Court for consideration of Plaintiff Tyrone Gabb's request for a preliminary injunction. (Doc. 1). Plaintiff claims that the Defendants have been deliberately indifferent to his serious medical needs because he has a fractured tooth for which he has not received any treatment since mid-December of 2021. The Court scheduled the matter for a hearing on February 16, 2022, but the day before the hearing the Defendants filed a response to the motion for injunctive relief wherein they attested that Plaintiff had received the needed tooth extraction on February 15, 2022. In light of the February 15th dental care, the Court cancelled the hearing and gave Plaintiff an opportunity to respond to the Defendants' representations that he had received care. (Dkt. text 23). Plaintiff has now responded, so the Court will consider the merits of the request for injunctive relief.

The following claims remain in this lawsuit after initial review of the complaint:

Count 1: Eighth Amendment deliberate indifference claim against Dr. Tran;

>   Count 2:    Eighth Amendment deliberate indifference claim against John/Jane Doe Dentist; and,
>
>   Count 3:    Eighth Amendment unconstitutional policy or practice by Wexford.

(Doc. 10 at 2).

## Background

Plaintiff alleges that on December 12th and 13th of 2021 he sent request slips for dental care for a fractured tooth. (Doc. 5 at 7). He alleges that part of his tooth had fallen out and the remaining portion was protruding from his gum causing great discomfort. On December 16, 2021, he submitted an emergency grievance because the pain had intensified and he was unable to eat. In support of his complaint, he appended the grievance officer's response to his emergency grievance, which shows that his grievance was deemed an emergency by the institution. (Doc. 5 at 17). In the recommendation section, the reviewer wrote, "A full time Dentist has started and appointments are being made. Gabb will be seen by a Dentist as soon as possible. Discard the broken piece of tooth. If you choose, put in a sick call slip to be seen and possibly treated for discomfort." Written comments from the Chief Administrative Officer state, "ensure dental will schedule ASAP." (*Id.*) Plaintiff also attached an IDOC Administrative Directive concerning dental care which states, "any offender in a correctional facility experiencing a dental emergency as defined by the facility dentist shall receive a dental examination no later than the next working day after the emergency occurs." (Doc. 5 at 22). An emergency is defined as "bleeding and pain" or a "fracture of teeth." (*Id.* at 24).

The Defendants acknowledge that on December 17, 2021, the dental department received a request slip from Plaintiff about his dental issues, so they allegedly scheduled him for an appointment. (Doc. 19). Defendants argue that the appointment did not occur because in mid-December 2021 Centralia was placed on lockdown related to COVID-19, but that Plaintiff was on

"call line to be seen by the dentist as soon as the medical quarantine is lifted." Meanwhile, Defendants allege they received no further requests for emergency treatment. The Defendants indicate that Plaintiff had a current prescription for Naproxen for pain. Defendants also indicate that despite the lockdown, Plaintiff could have been seen by the nurse sick call staff, and in fact he was seen for an unrelated medical emergency in January 2022. Defendants argue that Plaintiff is unlikely to succeed on the merits either, because the Court lacks jurisdiction to entertain any claim about care rendered during a national emergency under the PREP Act (42 U.S.C. § 201 et seq.), or because the defendants were not deliberately indifferent to his medical needs. Additionally, because Plaintiff has now received care, the Defendants argue there is no threat of imminent harm.

In a supplemental response, the Warden tendered a few pages of medical records demonstrating that there was a dental note in Plaintiff's file on December 17, 2021, and that Defendant was seen on February 15, 2022. (Doc. 29).

In his own response, Plaintiff agrees that he received emergency treatment, but he contests some of the facts put forth by Defendants. Specifically, he asserts that he was to be seen by a dentist on or after December 17, 2021, per the IDOC emergency dental policy, but the COVID-19 lockdown did not take effect until December 21, 2021. In support of his position, Plaintiff tendered a notice from Centralia's Warden stating that the full medical quarantine took effect December 21, 2021. (Doc. 30 at 9). Plaintiff also contends he is unable to determine if he has an infection related to the removal, which suggests he is unsure if he needs future care.

## Analysis

The same legal framework is used to determine whether a TRO or a preliminary injunction is warranted. A plaintiff must establish that:

3

(1) his underlying case has some likelihood of success on the merits;

(2) no adequate remedy at law exists; and

(3) he will suffer irreparable harm without the relief.

See *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)).

As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Rule 65(d) defines the contents, scope, and persons bound by every injunction and restraining order. *See* FED. R. CIV. P. 65(d)(1)-(2). With respect to the content and scope, Rule 65(d)(1) provides that every injunction and restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required. *See* FED. R. CIV. P. 65(d)(1)(A)-(C). Rule 65(d)(2) provides that the only persons bound by the order are the following

individuals who receive **actual notice of it by personal service or otherwise**: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in (A) or (B). FED. R. CIV. P. 65(d)(2)(A)-(C).

### Discussion

Plaintiff has demonstrated a reasonable likelihood of success on the merits of the three claims identified above. All three claims arise under the Eighth Amendment, which requires that prison officials not act with deliberate indifference towards a serious medical need. In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citation omitted). The first consideration is whether the prisoner has an "objectively serious medical condition." *Arnett*, 658 F.3d at 750. *Accord Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Hammond v. Rector*, 123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015) (citing *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014)). It is not necessary for such a medical condition to "be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer*, 511 U.S. at 828 (violating the Eighth Amendment requires "deliberate indifference to a *substantial* risk of *serious* harm") (internal quotation marks omitted) (emphasis added).

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *See Greeno,*

414 F.3d at 653. The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles*, 771 F.3d at 409. Deliberate indifference involves "intentional or reckless conduct, not mere negligence." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (citing *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Claims one and two suggest deliberate indifference to a serious dental health need by Dr. Tran and a Jane/John Doe dentist. Defendants contend that Plaintiff will be unable to prevail on any such claim because of the PREP Act, but this contention requires a detailed analysis by both sides that will be more appropriately judged later in the litigation. For purposes of injunctive relief, Plaintiff's allegations were sufficient to support potential success on the merits.

In light of the agreement by all parties that Plaintiff has now received emergency dental care, the Court does not find that Plaintiff is in danger of imminent or irreparable harm at this juncture. Plaintiff posits that he might contract an infection later, but injunctive relief today cannot prevent such an occurrence. There are no facts in the record that presently suggest Plaintiff has an infection, or that if he fell ill, he would be unable to attempt to seek immediate care at Centralia. *See Dent v. Burrell*, 2017 WL 9532940 (S.D. Ill. 2017) (denying preliminary injunction for inmate who suffered pain and discomfort after tooth extraction because evidence showed that dentist continued to treat him, and there appeared to be no ongoing infection or injury). If Plaintiff, by some bad fortune, contracts an infection AND is unable to get care from Centralia after an appropriate request at the institutional level, then he can file a new motion for injunctive relief.

The Court notes that Plaintiff opposes some of the facts put forth by Defendants as to the timeline and types of care he had available. The Court does not find it necessary to dispose of

these contested factual issues in order to resolve the motion for injunctive relief, so it will not comment further on these issues at this time. The parties will be free to address issues of this nature during the remainder of the litigation.

## Conclusion

Plaintiff's Motion for a Temporary Injunction (Doc. 1) is DENIED because he has received emergency dental care since the filing of the motion. Plaintiff remains free to file a new motion if he has additional complications with the tooth.

**IT IS SO ORDERED.**

Dated: March 21, 2022

_____
DAVID W. DUGAN
United States District Judge