IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE GABB, K56693, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 22-cv-86-DWD |
| DR. QUANG TRAN, ) | |
| DR. WALLACE STROW, ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Tyrone Gabb, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims Defendants failed to provide adequate dental care for a fractured and painful tooth. Plaintiff was allowed to proceed in this case on two Eighth Amendment deliberate indifference claims against Drs. Tran and Strow, and one Monell claim against Wexford. (Docs. 10, 41). Defendants filed a Motion for Summary Judgment (Doc. 66) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff has timely responded (Doc. 68), and Defendants have replied (Doc. 69). For reasons explained in this Order, the Defendants' Motion is granted, and this case is dismissed without prejudice.

**BACKGROUND**

Plaintiff initiated this lawsuit by filing a Motion for a Preliminary Injunction on January 18, 2022, (Doc. 1), and by filing a formal complaint on January 21, 2022 (Doc. 5). Both the motion for a preliminary injunction and the complaint sought urgent dental care. The Court set the matter for a hearing on the preliminary injunction, but the hearing was cancelled after the parties informed the Court that Plaintiff had received the needed dental care on February 15, 2022. (Docs. 21, 23). The matter then proceeded through service of process on the designated claims. Upon initial review, the Court allowed the following claims to proceed:

> Count 1: Eighth Amendment deliberate indifference claim against Dr. Tran;
>
> Count 2: Eighth Amendment deliberate indifference claim against Dr. Strow;
>
> Count 3: Eighth Amendment unconstitutional policy or practice by Wexford.

(Doc. 10).

The parties undertook discovery on the exhaustion of administrative remedies, and in doing so they have identified a single grievance that is relevant to this lawsuit. The parties agree that the only relevant grievance is grievance number E-21-12-136. The Defendants contend that this grievance is not sufficient for exhaustion purposes because Plaintiff did not receive the Administrative Review Board's (ARB's) ruling on this grievance until January 25, 2022, which means he filed suit before he fully exhausted remedies. (Doc. 67). Plaintiff counters that he was not required to fully exhaust this grievance because he received a 'favorable termination' at the prison when the prison's

Chief Administrative Officer 'partially upheld' the grievance and directed urgent dental care. (Doc. 68).

## FINDINGS OF FACT

On December 16, 2021, Plaintiff prepared a grievance about his dental issues. He wrote in part,

> On 12/12/21 and 12/13/21, I grievant Tyrone Gabb #K56693 individual in custody placed two request slips in the medical box address to dental department dentist requesting for dental care emergency. I explained in my request slips that my tooth on the upper right side is fractured and causing me severe pain on the right side of my face. I also explained that half of my tooth is protruding from my gum and the other half I have in a piece of toilet paper for the dentist to see. For the past few days and currently, I am not able to eat my food because of severe pain. I have not seen any individuals for an emergency examination and treatment, such as, Dentist Tran and or John or Jane Does[1] dental physician and Wexford Health Source Inc. from the dental department.

(Doc. 67-1 at 12-13). On December 22, 2021, the Chief Administrative Officer deemed the grievance an emergency and it was transmitted to the Grievance Office. (Doc. 67-1 at 12).

On January 10, 2022, the grievance officer reported that he had consulted healthcare staff about the issue. (Doc. 67-1 at 10). Healthcare staff indicated that a full-time dentist had begun work and appointments were being made. (*Id.*). The grievance officer found that the grievance should be partially upheld in so much as Plaintiff should be scheduled to see the dentist as soon as possible. Plaintiff was also advised that he

---

[1] Plaintiff initially proceeded in this lawsuit against a John Doe dentist, who was later identified as Defendant Dr. Strow.

could put in a sick call slip to be seen for temporary discomfort. On January 11, 2022, the Chief Administrative Officer concurred and noted "ensure dental will schedule ASAP."

The ARB received this grievance on January 21, 2022, and on January 25, 2022, they reviewed the grievance. The ARB noted, "affirm that grievant was not seen on the dates requested however call pass log shows that Grievant was given a call pass to dental on 12/17/21. Grievant may continue to request NSC for future medical conditions." (Doc. 67-1 at 9).

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After hearing evidence, finding

facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g.*, *Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. 20 ILL. ADMIN. CODE § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of

the grievance. Id. If a grievance concerns protective custody, a plaintiff is allowed to file that grievance directly with the ARB. 20 ILL. ADMIN. CODE § 504.870(a)(1)

If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. Id. The inmate must attach copies of the responses from the grievance officer and CAO to his appeal. Id. If an inmate is appealing a grievance that the CAO determined to be of an emergency nature, then the ARB shall expedite processing of the appeal. 20 ILL. ADMIN. CODE § 504.850(f).

B.  Analysis

It is undisputed that Plaintiff only filed one grievance relevant to this lawsuit—grievance E-21-12-136. The CAO deemed the grievance an emergency upon receipt. The grievance was 'partially upheld' at the prison on January 11, 2022. (Doc. 67-1 at 10). The Defendants contend that Plaintiff filed this lawsuit on January 21, 2022, the same day that the ARB received the appeal of grievance E-21-12-136. The ARB ruled on the grievance on January 25, 2022. (Doc. 67-1 at 9). The timing matters because a sue first exhaust later approach is not acceptable under controlling precedent. "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable." Chambers v. Sood, 956 F.3d 979, 984-85 (7th Cir. 2005). Under the *Chambers* rationale, it appears that Plaintiff's filing of this lawsuit was premature.

Plaintiff argues that the *Chambers* approach does not apply to him because an inmate is not required to pursue further exhaustion of his remedies if he has already received all the relief that he desires at the prison level. While Plaintiff correctly identified a legal theory concerning the exhaustion of administrative remedies, the theory does not apply to his situation. Both the grievance officer and the prison's CAO indicated that Plaintiff *would* get the relief he sought imminently, but not that he had already gotten the relief he sought. This sets Plaintiff's situation apart from cases such as *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005), where an inmate's grievance was denied because he sought a new mattress in the grievance but had already received one by the time the CAO ruled on the grievance. Plaintiff also cites to *Charleston v. Jones, et al.*, Case No. 19-cv-764 (S.D. Ill. March 17, 2021 Order) for the proposition that he was not required to do more after he got the ruling from the CAO, but this analogy is no more persuasive than his analogy to *Thornton*. *Charleston's* grievance was deemed moot because a stab wound on his arm had already been treated and had healed by the time his grievance was addressed, thus no further care could be provided.

Plaintiff's situation is unlike *Thornton* or *Charleston* because when his grievance was returned from the CAO he was still waiting for dental care, and when he filed this lawsuit he was waiting both for the ARB's response and for dental care. Though an inmate is not required to appeal the favorable termination of a grievance, nor is he required to continue appeals of his grievance to higher levels if he gets needed care in the interim, he must pursue all steps of the grievance procedure if some relief is still available. *See e.g.*, *Gaines v. Berns*, 2022 WL 874660 at 6-7 (N.D. Ill. Mar. 24, 2022) (collecting cases for

the proposition that an inmate need not appeal further once he receives the medical treatment he sought). Ultimately, Plaintiff's situation is not comparable to *Thornton* or subsequent similar cases, because he had not received a favorable outcome for the grieved issue before he filed this lawsuit.

Plaintiff also makes technical arguments about the language of the Illinois Administrative Code, which states that an inmate "may" appeal a grievance to the ARB, but ultimately it is the PLRA and case law that controls and requires an inmate to exhaust "all available" remedies. *Thornton*, 428 F.3d at 695 (the PLRA requires the exhaustion of "all available" remedies).

Based on the foregoing analysis, the Court finds that the Defendants' have met their burden to establish that Plaintiff failed to exhaust available administrative remedies because he filed this lawsuit on January 21, 2022, but did not get a grievance response from the ARB until January 25, 2022. Plaintiff's lawsuit is dismissed without prejudice for the failure to exhaust administrative remedies.

## DISPOSITION

The Motion for Summary Judgment on the issue of exhaustion filed by all Defendants (Doc. 66) is **GRANTED**. Plaintiff's claims against all defendants are **DISMISSED** without prejudice for failure to exhaust. The Clerk of Court is **DIRECTED** to enter judgment in Defendants favor and to close this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome

of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: December 20, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge